**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY SMITH,** | : | **CIVIL ACTION NO. 1:11-CV-778** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WEST MANHEIM TOWNSHIP,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

This is a civil action filed by plaintiff Gregory Smith ("Smith") alleging that

defendant West Manheim Township ("West Manheim") wrongfully terminated his

employment in violation of Section 510 of the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. § 1140.  Presently before the court is a motion

(Doc. 6) to dismiss Smith's complaint (Doc. 1) pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the reasons that follow, the court will grant the motion.

**I.    <u>Background</u>**[1]

Smith began his employment with West Manheim on May 15, 1985, as an

equipment operator and laborer.  (Doc. 1 ¶¶ 7, 8).  West Manheim offers employees

ERISA benefits including but not limited to: medical insurance, a vision plan, life

---

[1]  In accordance with the standard of review for a motion to dismiss pursuant
to Rule 12(b)(6), the court will present the facts as alleged in the complaint.  <u>See</u>
<u>infra</u> Part II.  However, those portions of the complaint which consist of no more
than legal conclusions or a formulaic recitation of the elements of a cause of action
have been disregarded.  <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009);
<u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130-31 (3d Cir. 2010).

insurance, short and long-term disability insurance, and a pension plan. (Id. ¶ 14).

Smith and his wife were beneficiaries of West Manheim's pension plan. (Id. ¶ 15).

On August 19, 2010, West Manheim gave Smith a written warning for "failure

to follow directions." (Id. ¶ 10). The warning stated that "any further issues of this

type within the next six months will result in disciplinary action - up to and

including termination." (Id. ¶ 11). Smith avers that no issues of any type occurred

during the next six months. (Id. ¶ 12). Smith alleges that on February 16, 2011,

West Manheim terminated him pursuant to the written warning when he was ten

months away from retirement. (Id. ¶¶ 8, 13).

On April 22, 2011, Smith filed suit against West Manheim. (Id.) In the

complaint, Smith alleges that West Manheim violated Section 510 of ERISA by

purportedly terminating him in retaliation for the use of ERISA benefits and in

order to interfere with his use of ERISA benefits in the future. (Id. ¶¶ 17, 18). On

June 13, 2011, West Manheim filed the instant motion (Doc. 6) to dismiss Smith's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has

been fully briefed and is ripe for disposition. (See Docs. 7, 15, 16).

**II.   Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable

2

reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, --- U.S. ---, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at

3

556); <u>Twombly</u>, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise

a right to relief above the speculative level").  A claim "has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, --- U.S. ---,

129 S. Ct. at 1949.  When the complaint fails to present a *prima facie* case of liability,

however, courts should generally grant leave to amend before dismissing a

complaint.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002);

<u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.**    <u>**Discussion**</u>

     Section 510 of ERISA states:

> It shall be unlawful for any person to discharge, fine, suspend, expel,
> discipline, or discriminate against a participant or beneficiary for
> exercising any right to which he is entitled under the provisions of an
> employee benefit plan . . . or for the purpose of interfering with the
> attainment of any right to which such participant may become entitled
> under the plan

29 U.S.C. § 1140.  Smith alleges that West Manheim interfered with his attainment

of ERISA benefits and that he was wrongfully discharged for his and/or his wife's

past use of ERISA benefits.  (<u>See</u> Doc. 1 ¶¶ 17, 18).  West Manheim contends that

Smith cannot state a claim upon which relief can be granted under either theory.

(<u>See</u> Doc. 6 ¶¶ 4, 5).

A.     **ERISA Interference Claim**

A plaintiff can establish a *prima facie* claim of ERISA interference by demonstrating: "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." Grogan v. Duane, Morris & Heckscher, No. 90-CV-4105, 1991 WL 98888, at *3 (E.D. Pa. June 4, 1991) (citing Gavalik v. Cont'l Can Co., 812 F.2d 834, 851-52 (3d Cir. 1987)).  To demonstrate that an employer took action for the purpose of interfering with an ERISA right, a plaintiff must show the employer "had the specific intent to violate ERISA." Gavalik, 812 F.2d at 851 (citations and quotations omitted); see also DiFederico v. Rolm Co., 201 F.3d 200, 205 (3d Cir. 2000).  Proof that termination prevented an employee from accruing additional ERISA benefits "alone is not probative of intent." Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007) (citation omitted).

The Supreme Court has noted that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, --- U.S. ---, 129 S. Ct. at 1949 (citations and quotations omitted).  Instead, a claim must have "facial plausibility" with well-pled facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Fowler, 578 F.3d at 210 (recognizing that conclusory allegations will not suffice after Iqbal).  In the instant case, Smith's complaint proffers only legal conclusions to demonstrate West Manheim acted with the specific intent to violate ERISA.  Specifically, in paragraph seventeen of the

5

complaint Smith alleges "[t]he termination was pretextual and meant to interfere with his attainment of certain ERISA benefits to which he would otherwise have become eligible." (Doc. 1 ¶ 17). Other district courts have dismissed § 510 ERISA interference claims involving similar conclusory allegations. See, e.g., Stout v. Health Mgmt. Assocs. Inc., No. CV–10–3080, 2011 WL 1225575, at *3 (E.D. Wash. Mar. 31, 2011); Hollowell v. Cincinnati Ventilating Co., 711 F. Supp. 2d 751, 758-61 (E.D. Ky. 2010); Hughes v. America's Collectibles Network, Inc., No. 3:09-CV-176, 2010 WL 890982, at *6 (E.D. Tenn. Mar. 8, 2010). Smith's complaint contains no facts from which the court can draw a reasonable inference that the defendant is liable for the misconduct alleged. Any other result would allow every discharged employee with an ERISA plan to bring a claim under § 510 of ERISA simply by stating that he or she was discharged. See Majewski v. Automatic Data Processing, Inc., 274 F.3d 1106, 1113 (6th Cir. 2001); see also Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007).

Smith contends that West Manheim's arguments are premature and that he is not required to demonstrate the elements of his *prima facie* case at this stage of the litigation. (Doc. 15, at 6). Smith relies on the Supreme Court's decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) to support his contention. (Id.) However, the Third Circuit in Fowler explicitly stated that Swierkiewicz no longer remains good law in the context of pleading requirements. 578 F.3d at 211 ("[B]ecause Conley has been specifically repudiated by both Twombly and Iqbal, so

too has <u>Swierkiewicz</u>, at least insofar as it concerns pleading requirements and relies on <u>Conley</u>.").

Smith must plead facts that when taken as true allows the court to draw a reasonable inference that West Manheim is liable for interference with his ERISA rights.  This is not an overly burdensome standard and countless plaintiffs have been able to easily satisfy it in the context of § 510 ERISA interference claims.[2]  <u>See, e.g.</u>, <u>Jenkins v. Union Labor Life Ins. Co., Inc.</u>, No. 10-CV-7361, 2011 WL 3919501, at *6 (E.D. Pa. Sept. 7, 2011) (plaintiffs' pled sufficient facts to show that their employer acted with specific intent to violate their rights under ERISA when the complaint alleged the employer had misled the plaintiffs about the vesting requirements for the defined benefit plan and the employer terminated each plaintiff on the same day in October 2010, claiming they would not vest in the defined benefit plan until 2011); <u>Chalfont v. U.S. Electrodes</u>, No. 10-CV-2929, 2010 WL 5341846, at *10 (E.D. Pa. Dec. 28, 2010) (plaintiff adequately pled an ERISA interference claim when he alleged that management expressed a desire to terminate him because he would be a liability if his cancer relapsed and asserted that management did not want to incur the additional costs related to a relapse); <u>Steffy v. Liberty Life Assur. Co. of Boston</u>, No. 09-CV-538, 2009 WL 3255219, at *7

---

[2]  Smith is not required to plead facts that constitute direct evidence of West Manheim's specific intent to interfere with his ERISA plan.  It is sufficient to plead facts that, when taken as true, constitute circumstantial evidence of the employer's specific intent to interfere with the ERISA plan.  <u>See</u> <u>Jenkins v. Union Labor Life Ins. Co.</u>, No. 10-CV-7361, 2011 WL 3919501, at *6 (E.D. Pa. Sept. 7, 2011).

(W.D. Pa. Oct. 7, 2009). Smith has not satisfied his burden at this stage, thus the court will grant West Manheim's motion to dismiss Smith's ERISA interference claim. The court will grant Smith leave to amend his complaint within thirty (30) days of entry of this memorandum and order to correct the pleading deficiencies.

### B.   ERISA Retaliation Claim

A plaintiff establishes a *prima facie* of retaliatory discharge pursuant to § 510 of ERISA by demonstrating that: (1) he or she participated in a statutorily protected activity; (2) he or she was subject to an adverse employment action; and (3) there is a causal connection between the participation and the adverse action. See Eckelkamp v. Beste, 315 F.3d 863, 871 (8th Cir. 2002); C.F. Nelson v. Upsala College, 51 F.3d 383, 386 (3d Cir. 1995) (listing the elements of a Title VII retaliation claim). The causal connection can be demonstrated through proof of either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (discussing retaliation in the context of a § 1983 claim); See Eckelkamp, 315 F.3d at 871.

In the instant case, Smith only proffers the conclusory allegation that "[t]he Defendant's conduct in terminating Plaintiff's employment, was in violation of Section 510 of ERISA, in that the action was designed to retaliate against Plaintiff for his/his wife's past use of ERISA benefits, including hospitalization benefits, and/or to interfere with his future use of benefits including but not limited to,

8

hospitalization benefits and his pension rights." (Doc. 1 ¶ 18). This is insufficient to

state a ERISA retaliation claim upon which relief can be granted. The complaint

fails to allege that West Manheim was aware of either Smith's or his wife's past use

of ERISA benefits and fails to allege facts that when taken as true would suggest

"unusually suggestive temporal proximity" or "a pattern of antagonism coupled

with timing." (See Doc. 1). Smith's conclusory allegation of causation is

insufficient to survive a motion to dismiss after Iqbal.[3] Compare Mitchell v. Lupert,

No. 3:09-CV-00789, 2011 WL 742042, at *6 (M.D. Pa. Feb. 24, 2011) (granting

defendants' motion to dismiss plaintiff's retaliation claim in a § 1983 case because

plaintiff had "not alleged facts from which a causal connection between his

constitutionally protected conduct and the alleged adverse actions [could] be

inferred"); Washington v. Whittington, No. 10-CV-0356, 2010 WL 3834589, at *5

(W.D. La. Aug. 19, 2010) (noting that a plaintiff must "either adduce direct evidence

of motivation, or set forth a chronology of events from which retaliation may

plausibly be inferred" in a First Amendment retaliation case) (citation and

quotations omitted) with Jewell v. Lincare, Inc., No. 1:11-CV-195, 2011 WL 4336710,

at *4 (D. Me. Sept. 15, 2011) (holding that plaintiff adequately pled causation for his

retaliation claim under the False Claims Act when he alleged that his termination

occurred shortly "after making his protected conduct known to his supervisor").

Thus, the court will grant West Manheim's motion to dismiss Smith's ERISA

---

[3] The type of facts necessary to plead causation in retaliation cases are similar regardless of the specific cause of action.

retaliation claim.[4]  The court will grant Smith leave to amend his complaint within

thirty (30) days of entry of this memorandum and order to correct the pleading

deficiencies in his ERISA retaliation claim.

**IV.**   **Conclusion**

For the foregoing reasons, the motion (Doc. 6) to dismiss is granted.  An

appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       October 25, 2011

---

[4]  Smith's contention that the casual determination is not a proper subject for
a motion to dismiss is without merit.  (Doc. 15, at 8).  Iqbal requires the court to
determine whether the well-pleaded factual allegations are sufficient to show a
"plausible claim for relief."  Iqbal, --- U.S. ---, 129 S. Ct. at 1950 (citing Twombly, 550
U.S. at 556); Twombly, 550 U.S. at 555.  This requires comparing the factual
allegations to the legal elements of the cause of action.  See Santiago, 629 F.3d at
130-31.  No exception exists for causation.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY SMITH,** | : | **CIVIL ACTION NO. 1:11-CV-778** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WEST MANHEIM TOWNSHIP,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 25th day of October, 2011, upon consideration of the motion

(Doc. 6) to dismiss, filed by defendant West Manheim Township, and for the reasons

set forth in the accompanying memorandum, it is hereby ORDERED that:

1.     The motion (Doc. 6) to dismiss is GRANTED.

2.     Within thirty (30) days of entry of this order, Plaintiff Gregory Smith
       may file an amended complaint.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge