IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY SMITH**, | : | CIVIL ACTION NO. 1:11-CV-778 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **WEST MANHEIM TOWNSHIP**, | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court is a civil action filed by plaintiff Gregory Smith ("Smith") alleging that defendant West Manheim Township ("West Manheim") wrongfully terminated his employment in violation of Section 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). West Manheim has filed a motion to dismiss (Doc. 19) pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be denied.

I.    **Factual Background and Procedural History**[1]

Smith began his employment with West Manheim on May 15, 1985, working as an equipment operator and laborer. (Doc. 18, ¶¶ 7, 8). West Manheim offers employees ERISA benefits, including, *inter alia*: medical insurance, a vision plan, life insurance, both short and long-term disability benefits, and a pension plan. (Id. ¶ 30). Both Smith and his wife received various benefits through West Manheim's pension plan. (Id. ¶ 31).

On August 19, 2010, several months prior to Smith's termination, West Manheim issued Smith a written warning for "failure to follow directions." (Id. ¶ 14). The warning stated that "any further issues of this type within the next six months will result in disciplinary action being taken — up to and including termination." (Id. ¶ 15). Smith claims that this disciplinary action was unwarranted and that during his nearly twenty-six years of employment with West Manheim, he was repeatedly praised for his work performance. (Id. ¶¶ 13, 15).

On February 11, 2011, Smith was terminated from his employment with West Manheim. (Id. ¶ 17). This termination occurred within the six month probationary period outlined in his August 19, 2010 written warning. (Id.) Smith claims there

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will present the facts as alleged in the complaint. See infra Section II. However, the court will only consider well-pleaded factual allegations, and those portions of the complaint that are nothing more than legal conclusions or formulaic recitations of a cause of action, will be disregarded. Ashcroft v. Iqbal, 552 U.S. 662, 678 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).

were no other disciplinary issues during this period, but that he was purportedly terminated for "abuse of equipment" when a lawn mower under his charge became inoperable.[2] (Id. ¶ 18). Smith claims that disciplinary actions taken against him, particularly the imposition of the August 2010 probationary period, were pretextual and that West Manheim's true motive was to prevent Smith from using his disability and/or health benefits in violation of both ERISA and the FMLA.[3]

Upon his termination from West Manheim, Smith alleges West Manheim informed him in writing that he would be "eligible for full retirement benefits, effective January 1, 2012." (Id. ¶ 25). According to Smith, "full retirement benefits" would have included one year of paid health insurance; however, Smith received only six weeks of paid health insurance. (Id. ¶ 26). Smith also claims that West Manheim terminated Smith before his 50th birthday, when he was eligible to receive retirement benefits, in violation of Section 510 of ERISA. (Id. ¶ 10). West

---

[2] It is unclear from the complaint, as no date was provided, when the broken lawn mower incident occurred and its relationship to Smith's actual termination. (See id. ¶¶ 14-18). Regardless, Smith alleges that the lawn mower was already broke, that West Manheim knew it was broke, and that West Manheim opted to not have it fixed until spring 2011. (Id. ¶ 18).

[3] Prior to any of the alleged acts surrounding Smith's termination, in 2008 Smith underwent surgery which required a follow-up procedure. Smith claims that this follow-up procedure needed to take place in winter 2010. (Id.) Smith advised West Manheim of his need for follow-up surgery and was told to wait until the probationary period had expired before requesting additional time off from work. (Id. ¶ 22). Smith alleges that this warning to forego necessary surgery effectively denied him access to his health and/or disability benefits forming the basis for a valid FMLA claim. (Id. ¶¶ 27, 28). The court will not address the merits or sufficiency of these factual allegations as Smith has voluntarily withdrawn all of his FMLA claims. (See Doc. 26, at 12, Part C).

Manheim also allegedly failed to inform Smith of the penalties associated with the election of immediate pension benefits in lieu of waiting until he had attained the age of fifty-nine and one-half.  (Id. ¶ 25).

On April 22, 2011, Smith sued West Manheim.  (Doc. 1).  In his original complaint, Smith alleged violations of Section 510 of ERISA based on interference and retaliation.  (See Doc. 1, Part V "ERISA Violations").  On June 13, 2011, West Manheim filed a motion dismiss (Doc. 6) Smith's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  On October 25, 2011, the court issued a memorandum and order granting the motion, but allowed Smith thirty (30) days to amend the complaint to correct deficiencies in both the interference and retaliation ERISA claims.  (Doc. 17).

On November 23, 2011, Smith filed an amended complaint (Doc. 18), this time bringing claims for interference and retaliation under both ERISA and the FMLA.  On December 7, 2011, West Manheim filed the instant motion to dismiss the amended complaint (Doc. 19) pursuant to Rule 12(b)(6), followed by a brief in support filed on December 21, 2011 (Doc. 20).

On January 17, 2012, Smith filed a brief in opposition to the motion.  (Doc. 26).  In this brief, Smith notified the court that he is no longer pursuing an ERISA retaliation claim or any claims under the FMLA (see Doc. 20, Parts B-2 & C), leaving only Smith's ERISA interference claim to be decided.

**II.     Standard of Review**

Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."  Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556

U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 559 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 559 U.S. at 678.  When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.    Discussion**

Section 510 of ERISA states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29 U.S.C. § 1140 (2006 & Supp. 2011). Smith claims that West Manheim interfered with his ERISA benefits when they wrongfully discharged him ten months before he would have been eligible for retirement and his ERISA benefits. (See Doc. 18 ¶¶ 9, 10, 25, 31). Despite the additional facts supplied in Smith's amended complaint, West Manheim asserts that Smith has failed to state a claim upon which relief can be granted. (Doc. 19 ¶¶ 1, 5).

A plaintiff can establish a *prima facie* claim of ERISA interference by demonstrating: "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." Grogan v. Duane, Morris & Heckscher, No. 90-CV-4105, 1991 WL 98888, at *3 (E.D. Pa. June 4, 1991) (citing Gavalik v. Cont'l Can Co., 812 F.2d 834, 851-52 (3d Cir. 1987)). To demonstrate that an employer took action for the purpose of interfering with an ERISA right, a plaintiff must show the employer "had the specific intent to violate ERISA." Gavalik, 812 F.2d at 851 (citations and quotations omitted); see also DiFederico v. Rolm Co., 201 F.3d 200, 205 (3d Cir. 2000). Proof that termination prevented an employee from accruing additional ERISA benefits

"alone is not probative of intent." Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007) (citation omitted).

The Supreme Court has noted that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 559 U.S. at 662 (citations and quotations omitted). Instead, a claim must have "facial plausibility" with well-pleaded facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Fowler, 578 F.3d at 210 (recognizing that conclusory allegations will not suffice after Iqbal).

In the instant case, West Manheim disputes that Smith has made the requisite showing of "specific intent." See Gavalik, supra ("A plaintiff must . . . demonstrate that the defendant had the 'specific intent' to violate ERISA.") (internal quotations omitted); (Doc. 20, at 7) ("Plaintiff has set forth only conclusory allegations that Defendant terminated his employment with the specific intent to interfere with Plaintiff's ERISA benefits."). Significantly, however, the court notes that the Third Circuit cases cited by West Manheim, as well as cases not cited by the parties, were decided at the summary judgment or post-trial stages. See Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770 (3d Cir. 2007) (summary judgment); DiFederico v. Rolm Co., 201 F.3d 200 (3d Cir. 2000) (summary judgment); Dewitt v. Penn-Del Directory Corp., et al., 106 F.3d 514 (3d Cir. 1997) (summary judgment); Gavalik v. Continental Can Co., 812 F.2d 834 (3d Cir. 1987) (post-trial judgment); see

also Balmat v. Certainteed Corp., 338 F. App'x 256 (3d Cir. 2009) (summary judgment); Scully v. Allegheny Ludlum Corp., 257 F. App'x 535 (3d Cir. 2007).

By contrast, at this early stage of the litigation, Smith is only required to plead facts, which, when take as true, allow the court to draw the reasonable inference that West Manheim is liable for interfering with his ERISA rights. This is not an overly burdensome standard and the court finds that Smith has met it here. Smith alleges that disciplinary action taken against him, leading up to and including his ultimate termination, was a pretextual guise to mask West Manheim's true intent to prevent Smith from obtaining the full value of his pension and other retirement rights, in violation of ERISA. (See Doc. 1, ¶¶ 32, 33, & 35). Smith further alleges that West Manheim made false representations regarding what benefits Smith would ultimately receive after he was terminated; *to wit*, he was told that he would be eligible for full retirement including a full year of health insurance when, in fact, Smith only received six weeks of paid health insurance after his termination. (Id. ¶¶ 25, 26). Furthermore, Smith claims West Manheim had knowledge that Smith would have been eligible to retire at age fifty, ten months after his termination, but that he planned to work until he was fifty-nine and one-half to avoid incurring early retirement penalties. (Id. ¶¶ 9, 10, 25). Smith claims that this knowledge, coupled with the act of termination, is sufficient to establish a Section 510 ERISA interference claim. The court finds that, at this preliminary stage of the litigation, Smith has met his burden of pleading facts that plausibly

9

state such a claim. Thus, West Manheim's motion to dismiss Smith's ERISA interference claim will be denied.

## IV. <u>Conclusion</u>

For the foregoing reasons, the motion to dismiss (Doc. 19) will be denied as it pertains to Smith's ERISA interference claim. The motion will be deemed moot in all other regards as Smith's ERISA retaliation claim and FMLA claims will be deemed withdrawn. An appropriate order follows.

        <u>S/ Christopher C. Conner</u>
        CHRISTOPHER C. CONNER
        United States District Judge

Date:       August 31, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY SMITH**, | : | CIVIL ACTION NO. 1:11-CV-778 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **WEST MANHEIM TOWNSHIP**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 31st day of August, 2012, upon consideration of the motion to dismiss (Doc. 19), filed by defendant West Manheim Township, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 19) is DENIED with regard to Plaintiff Gregory Smith's ERISA interference claim.

2. The motion (Doc. 19) is DENIED as MOOT with regard to Plaintiff Gregory Smith's ERISA retaliation and FMLA claims as these claims have been voluntarily withdrawn.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge